past persecution through his credible testimony indicating that he was physically attacked on two occasions due to his political activities in Peru. *See Navas,* 217 F.3d at 656 & n. 9. Because the Petitioners have established past persecution, they are entitled to a rebuttable presumption that they will suffer future persecution if returned to Peru. *See id.* at 657.

Accordingly, we remand for further consideration of whether the Petitioners are otherwise eligible for relief. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION FOR REVIEW GRANTED; REMANDED.

Ann B. Scheel, AUSA, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellant.

Thomas M. Hoidal, Esq., Phoenix, AZ, for Defendant–Appellee.

Before THOMPSON, TASHIMA, and RAWLINSON, Circuit Judges.

The Order of the district court, dated March 12, 2003, and entered March 13, 2003, suppressing the defendant's in-custody statements, is AFFIRMED for the reasons stated in said Order.

**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Jesse Frank HARRISON, Defendant— Appellee.**

No. 03–10200.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2004.

Decided April 26, 2004.

**Juan Carlos CADENA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70884.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 26, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).